J-S11027-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TERRY JOHNSON | |
| Appellant | No. 414 EDA 2015 |

Appeal from the PCRA Order January 16, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0000792-2008

BEFORE:  FORD ELLIOTT, P.J.E., OTT, J., and MUSMANNO, J.

MEMORANDUM BY OTT, J.:                          **FILED MARCH 09, 2016**

Terry Johnson appeals from the order entered January 16, 2015, in the Court of Common Pleas of Philadelphia County, that dismissed, without an evidentiary hearing, his timely filed petition, seeking relief under the Pennsylvania Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541 *et seq*. Johnson seeks post conviction relief from the judgment of sentence of 7½ to 15 years' imprisonment, imposed after he was convicted by a jury of intimidation of a witness and conspiracy.[1] After a thorough review of the record, the parties' briefs, and the applicable law, we affirm on the basis of the PCRA court's opinion.

---

[1] 18 Pa.C.S. §§ 4952 and 903, respectively.

The PCRA court has aptly summarized the facts and procedural history[2] in its Pa.R.A.P. 1925(a) opinion, and we adopt its recitation. PCRA Court Opinion, 6/2/2015, at 1–4. Johnson contends the PCRA court erred in: (1) denying his PCRA petition without an evidentiary hearing, and (2) denying relief on his PCRA petition alleging counsel was ineffective. Johnson's Brief at 8. Specifically, Johnson argues counsel was ineffective for failing to (a) file a motion to reconsider sentence, (b) include the issue of improper consolidation in the Pa.R.A.P. 1925(b) statement, and (c) include the issue of violation of the wiretap laws in the pretrial motion.

Preliminarily, we note:

> This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.
>
> [T]he right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. It is the responsibility of the reviewing court on appeal to examine each issue raised in

---

[2] This Court notes its concern with the almost two-year lapse between Johnson's filing of his *pro se* petition and amended petition. Here, Johnson's *pro se* PCRA petition was filed on **April 12, 2012**. Appointed counsel entered his appearance for Johnson on March 25, 2013, and filed an amended PCRA petition on Johnson's behalf on **January 27, 2014**. Nothing in the certified record explains the reason for the delay between the filing of these petitions.

> the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

*Commonwealth v. Wah*, 42 A.3d 335, 338 (Pa. Super. 2012) (citations omitted).

The PCRA judge, the Honorable Shelley Robins New, has provided a thorough and well reasoned discussion in support of her decision to dismiss Johnson's PCRA petition. *See* PCRA Court Opinion, 6/2/2015, at 4–8 (explaining: (1) Johnson failed to demonstrate prejudice, where the court imposed a standard range sentence and he failed to proffer any evidence of mitigating factors that would have persuaded the court to reconsider his sentence, had a motion for reconsideration been filed; (2) the case was proper to be tried jointly among the four defendants as the jury needed to understand the nature of the homicide (charged against one of Johnson's co-defendants) and needed to see and view the recanting witnesses in order to make a reasoned determination whether or not the witnesses were intimidated; the intimidation and conspiracy charges involved the same evidence against all four defendants, and (3) counsel's alleged ineffectiveness for failure to litigate a motion to suppress and allege that the Commonwealth violated the Wiretap Act, 18 Pa.C.S. § 5701 *et seq.*, is meritless, as 18 Pa.C.S. § 5704 authorizes warrantless interceptions based on consent, and the parties expressly or implicitly consented to the

- 3 -

interceptions where a periodic recorded message informed the parties the calls made by Johnson's co-defendant from prison were being monitored.).

As we agree with the sound reasoning of the PCRA court, we adopt the PCRA court's opinion as dispositive of the issues raised in this appeal, and affirm the denial of PCRA relief.

In the event of future proceedings, the parties are directed to attach a copy of the PCRA court's 6/2/2015 opinion to this decision.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/9/2016

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY

CRIMINAL TRIAL DIVISION

**FILED**

**JUN 0 2 2015**

COMMONWEALTH OF PENNSYLVANIA : CP-51-CR-0000792-2008

v. :

**Criminal Appeals Unit**
**First Judicial District of PA**

TERRY JOHNSON, Appellant : Superior Court Docket No. 414 EDA 2015

## OPINION OF THE COURT

Appellant, Terry Johnson appeals from this Court's denial of relief pursuant to the Post Conviction Relief Act (PCRA).42 Pa. C.S.A. § 9541, et. seq. For the reasons set forth below, no relief is due.

### Procedural History

Appellant was arrested on September 23, 2007. The arrest stemmed from Appellant's participation with co-defendant, Tashan Bundy and others in an attempt to intimidate witnesses in Bundy's upcoming trial for murder. The upcoming trial was to be Bundy's third such trial, as the two prior trials resulted in hung juries.

A preliminary hearing was held on March 14, 2008. Prior to trial the Commonwealth sought to consolidate all of the intimidation cases with Bundy's murder trial. Appellant filed a motion *in limine* to preclude the admission of several recorded phone calls between himself and co-defendant Bundy. The Honorable Teresa M. Sarmena, who presided over Bundy's first two trials, granted the Commonwealth's motion and denied Appellant's motion. The cases were then transferred to this Court for trial.

Between May 29, 2008 and June 19, 2008, Appellant and his co-defendants received a jury trial before this Court. Following the conclusion of the trial, the jury

1.

found Appellant guilty of one count of criminal conspiracy and one count of witness intimidation.

On November 10, 2008, this Court sentenced Appellant to a term of not less than seven and a half (7 ½) years, and not more than fifteen (15) years incarceration for criminal conspiracy and not less than five (5) years and not more than ten (10) years incarceration for witness intimidation. The sentences were deemed to run concurrently.

On November 20, 2008, Appellant filed post-sentence motions, seeking to vacate his sentence, challenging the sufficiency and weight of the evidence. The post-sentence motions were denied.

On March 23, 2009, Appellant filed a Notice of Appeal to the Superior Court of Pennsylvania, docketed at 911 EDA 2009. On May 19, 2011, the Superior Court of Pennsylvania affirmed the judgment of sentence.

On April 12, 2012, Appellant timely filed a *pro se* PCRA Petition. Counsel was appointed who, on January 27, 2014, filed an Amended Petition and Memorandum of Law, alleging the following grounds for relief;

1) Counsel was ineffective for failing to file a motion to reconsider sentence.

2) Counsel was ineffective for failing to include in his 1925 (b) statement in the direct appeal, the issue of improper consolidation of his trial with Bundy's murder trial[1].

3) Counsel was ineffective for failing to raise challenge the admissibility of the recorded conversations in a pretrial motion to suppress[2].

---

[1] On direct appeal Appellant claimed error because his case was consolidated with Bundy's. The Superior Court found the issue waived because it was not raised in the 1925(b) statement.

[2] On direct appeal Appellant claimed error because the recorded conversations were introduced. The Superior Court found this issue waived because no motion to suppress was filed.

2

After reviewing the pleadings, the record and the law, and after complying with the procedural requirements in Pa.R.Crim. P. 907, the Court dismissed the Petition. The instant timely appeal raising the same three issues followed.

## Facts Found by the Trial Court

On the night of December 18-19, 2004, the decedent, Robert Smith, was working as a security guard for a rap group that was performing at the Dowling Place Club at Broad and Thompson Streets in Philadelphia. At approximately 2:30 a.m., shots were fired outside the club. Police Lt. Steven Arch, who was patrolling a few short blocks away heard three gunshots and arrived as the first officer on the scene. He observed the decedent lying in the driveway suffering from gunshot wounds. While the lieutenant remained at the scene, police officer Jonathan White transported the victim to Hahnemann Hospital where he was later pronounced dead.

Moments after the shots were fired, several witnesses reported seeing a gray Oldsmobile speeding away from the scene. The vehicle was later found at 16th and Parish Streets by Officer Jose Nova just a few minutes after the shooting. Police Officer Jose Nova testified that he saw Appellant inside the car approximately 3 days before the shooting. Bundy's fingerprints were found inside the car.

Carneal Combs was called as a Commonwealth witness. Mr. Combs denied knowing anyone involved in this case; denied seeing anything concerning the shooting; denied his name and social security number and denied giving a police statement. However, in a verbatim police statement taken on April 28, 2005, by Detective Marino which Mr. Combs adopted at the time, he stated that he was present at the shooting; he

3

saw three bouncers, one of whom was arguing with a group of young men that included Bundy; he was in the fleeing car; Bundy shot the victim; Bundy then got in the car and they drove off. He also told police that Zazzy (Jospeh Harville) and Muscles (Robert Gray) were with him. Detective Marino testified that he met with Combs on April 27th, 2008 and that Combs expressed concern for his safety. Muscles and Zazzy also gave police statements implicating Bundy as the shooter. When they were called as witnesses, they, too did not identify Bundy as the shooter.

In addition, the Commonwealth introduced a series of recorded phone conversations among Appellant and his co-defendants. The calls were initiated by Bundy from prison to co-defendant Joyce Harris[3] phone. Appellant and co-defendant David Gindraw were also heard on the recordings. In essence, the conversations focused on Bundy directing Appellant and Gindraw to visit witnesses in order to make them fail to appear at trial and/or to recant prior statements if called to testify. In one of those conversations recorded on May 9th, 2007, Appellant can be heard admitting to intimidating witness Joseph Harville not to testify at a prior proceeding.

Standard of Review Under the PCRA

In Strickland v. Washington, 466 U.S. 668, 685, (1984) the United States Supreme Court set forth what must be proven to prevail on an ineffective assistance of counsel claim. First, one must show that counsel's representation fell below an objective standard of reasonableness. Next, one must show a reasonable probability that but for counsel's errors, the result would have been different.

---

[3] Joyce Harris was found not guilty of all charges.

4

The Supreme Court of Pennsylvania has added; "To prevail on ineffectiveness claim in proceedings pursuant to a Post Conviction Relief Act (PCRA) petition, a petitioner must show: (1) that underlying legal claim has arguable merit; (2) that counsel had no reasonable basis for his or her action or omission; and (3) that petitioner suffered prejudice as result." Commonwealth v. Bardo, 105 A.3d 678,684 (Pa. 2014). Counsel is presumed effective, and the petitioner bears the burden of proving otherwise. Id. To establish prejudice, "The petitioner must show that there is a reasonable probability that the outcome of the proceeding would have been different but for counsel's action or inaction." Id.

Instantly, Appellant first alleged that counsel was ineffective for failing to file a motion to reconsider sentence. He claimed the sentence was excessive because he was only found guilty of one of the three intimidation charges. He claimed that he asked his counsel to file a motion to reconsider sentence, but it was not done, thus waiving any sentencing issues for appeal. Id. Appellant's claim is meritless.

Appellant has failed to demonstrate that but for counsel's failure to file a motion to reconsider sentence, the outcome would have been different. Appellant's sentence of seven and a half (7½) to fifteen (15) years was within the standard range of the sentencing guidelines. He fails to proffer any evidence of any mitigating factors that would have persuaded the Court to reconsider his sentence, had a motion to reconsider been filed. At sentencing the Court considered all relevant factors and imposed the appropriate sentence. No basis to reconsider the sentence was articulated in the Amended Petition or Memorandum of Law and no basis existed. Therefore, this claim is meritless. See also Commonwealth v. Jones, 571 Pa. 811 A.2d 994, 1003 (2002), in which the

5

Pennsylvania Supreme Court stated, "An undeveloped argument, which fails to meaningfully discuss and apply the standard governing the review of ineffectiveness claims, simply does not satisfy Petitioner's burden of establishing that he is entitled to any relief."

Second, Appellant claims that counsel was ineffective for failing to include the issue of improper consolidation in his 1925 (b) statement in the direct appeal. We addressed the propriety of consolidating the cases in our opinion in the direct appeal, and we repeat it here. We note that the motion was litigated prior to this case being assigned to this Court for trial. However, we agree that the case was proper to be tried jointly among the four defendants. Severance or consolidation questions fall within the discretion of the trial court and an order denying severance or granting consolidation will not be overturned on appeal absent an abuse of discretion. Commonwealth v. Brown, 925 A.2d. 147 (Pa. 2007) (collecting cases). Moreover, when conspiracy is charged a joint trial generally is advisable. Commonwealth v. King, 721 A.2d. 763 (Pa. 1998). A claim of mere hostility between defendants, or that one defendant may try to exonerate himself at the expense of the other, however, is an insufficient basis upon which to grant a motion to sever. Commonwealth v. Chester, 587 A.2d. 1367 (Pa. 1991) (cert. denied.) Instantly, the jury needed to understand the nature of the homicide and needed to see and view the recanting witnesses in order to make a reasoned determination whether or not the witnesses were intimidated. The intimidation and conspiracy charges involved the same evidence against all defendants and a joint trial was proper.

Moreover, Appellant's PCRA claim simply was undeveloped. His claim in the Amended Petition is set forth in one sentence; "It is clear that the jury was confused in

6

this case by the consolidation in that they found Petitioner not guilty of intimidation of two of the alleged victims but guilty of one of the alleged victims by the very same evidence." This is insufficient evidence to support a claim of ineffective assistance of counsel. Commonwealth v. Roney, 79 A.3d. 595, 607 (Pa. 2013) (claim based on nothing more than speculation, devoid of any factual evidentiary support must fail).

Finally, Petitioner alleges that counsel was ineffective for failing to allege in a motion to suppress that the Commonwealth violated the Wiretap Act, 18 Pa.C.S.A. §5701, et seq. This claim is frivolous as counsel can never be deemed ineffective for failing to pursue a meritless claim. Commonwealth v. Pursell, 495 A.2d. 183, 189 (Pa. 1995)

18 Pa.C.S.A. 5704 authorizes warrantless interceptions "where the parties to the communication have given prior consent to the interception." In this case it is beyond dispute that the parties to the calls either expressly or implicitly gave their consent to the interceptions.

Instantly, these calls were made by Bundy from prison. During the calls the parties were informed periodically via a recorded message that the calls were being monitored. When the parties engaged in their conversations despite the warnings, no violation of the Wiretap Act occurred. See Commonwealth v. Baumhammers, 960 A.2d. 59, 77-79 (Pa. 2008) (no violation of the Wiretap Act occurs in intercepted prison phone calls when an audible message gives the participants notice that the calls are being recorded.)

7

Accordingly, for the reasons set forth above, the judgment of conviction should be affirmed.[4]

BY THE COURT:

ROBINS NEW, J.

---

[4] The Court wishes to acknowledge the involvement of Ryan Halbert, a Rutgers University law student in the research and writing of this opinion.

8

# APPENDIX B